DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-183-MR
[1:04-cr-64-MR-2]

| | |
|---|---|
| RODNEY DARNELL JIMMERSON, ) ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | ORDER |

This matter is before the Court on initial screening of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, or alternatively for relief under 28 U.S.C. § 2241 and the writ of error coram nobis. [Doc. 1]. Petitioner seeks relief from his sentence on the basis of the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Petitioner is represented by Andrew Banzhoff. For the reasons that follow, Petitioner's Section 2255 motion will be dismissed as untimely.

**PROCEDURAL BACKGROUND**

On September 13, 2004, Petitioner pled guilty pursuant to a written plea agreement to possession with intent to distribute cocaine base, in

violation of 21 U.S.C. § 841(a)(1). [Case No. 1:04cr64, Doc. 32: Plea Agreement; Doc. 44: Judgment]. In the written plea agreement, Petitioner agreed to waive the right to contest his conviction or sentence in a post-conviction proceeding with the exception of (1) claims of ineffective assistance, (2) claims of prosecutorial misconduct, or (3) as to the sentence, a claim that one or more findings on the guidelines issues were inconsistent with the explicit stipulations in the plea agreement, or based on an unanticipated issue arising during the sentencing hearing and which the sentencing judge found and certified to be of such an unusual nature as to require review by the Fourth Circuit. [Id. Doc. 32 at 5: Plea Agreement].

Petitioner was designated as a career offender under U.S.S.G. § 4B1.1. See [Id., Doc. 71 at 1]. On February 3, 2005, this Court sentenced Petitioner to 262 months' imprisonment, followed by eight years of supervised release. See [Id., Doc. 44]. The Court entered judgment on February 10, 2005. [Id.]. Petitioner appealed, but on October 19, 2005, the Fourth Circuit dismissed the appeal. See [Id., Doc. 44]. The Fourth Circuit issued its mandate on the same day.

Petitioner filed his petition in this Court on July 24, 2012. He seeks relief from the sentence contending that after Simmons his prior convictions are no longer predicate felonies based on which he can be found to be a

Career Offender.

**STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without a response from the Government and without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**DISCUSSION**

Paragraph 6 of 28 U.S.C. § 2255, which applies to initial motions to vacate, provides generally for a one-year statute of limitations from the date on which a petitioner's judgment becomes final. 28 U.S.C. § 2255(f)(1). Here, Petitioner's judgment became final when his right to file a petition for certiorari expired on or about February 12, 2006, or 90 days after the entry of the Fourth Circuit's mandate (November 14, 2005). See Clay v. United States, 537 U.S. 522, 530 (2003). Because Petitioner did not file his motion to vacate until July 24, 2012, his motion is untimely under Section

2255(f)(1).

Furthermore, even if this Court were to apply equitable tolling, Petitioner would still not be entitled to Simmons relief because he received a sentence that was less than the statutory maximum sentence allowed even without the sentencing enhancement.[1]  See United States v. Powell, 691 F.3d 554, 563 n.2 (4th Cir. 2012) (King, J., dissenting in part and concurring in the judgment in part).

Petitioner asserts 28 U.S.C. § 2241 and the writ of error coram nobis as alternative grounds for relief from Petitioner's sentence.  Petitioner is not entitled to a reduction in his sentence under either of these alternative forms of relief.  First, no prisoner may seek relief from his conviction or sentence under 28 U.S.C. § 2241 unless his remedy under Section 2255 "is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."  In re Jones, 226 F.3d 328, 333 (4th Cir. 2000).  The Fourth Circuit has concluded that the remedy under § 2255 is "inadequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the

---

[1] Petitioner filed the instant petition before the Fourth Circuit issued its decision in Powell.

> Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34.

In other words, Section 2255 can only be found "inadequate or ineffective" in limited circumstances where the prisoner is challenging the legality of his conviction. Here, Petitioner does not challenge the legality of his conviction; rather, he challenges his sentence, which he contends was based on prior state court convictions that were incorrectly used to enhance his sentence. Therefore, Petitioner has failed to demonstrate that pursuit of relief through § 2255 is inadequate, and his claim pursuant to Section 2241 must be dismissed.

Petitioner also seeks relief under the writ of error coram nobis. Coram nobis relief is only available when all other grounds for relief are inadequate and where the defendant is no longer in custody. In re Daniels, 203 Fed. App'x 442, 443 (4th Cir. 2006) (unpublished); United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988). Petitioner is in custody and has, or had, an available post-conviction avenue of relief under § 2255. Thus, Petitioner has no relief under the writ of error coram nobis.

Finally, in addition to the fact that the § 2555 petition is time-barred, Petitioner's Simmons claim is subject to dismissal because he waived his right to bring this challenge in his plea agreement. Such a waiver is enforceable as long as the defendant waives this right knowingly and voluntarily. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."); see also United States v. Copeland, 707 F.3d 522, 529-30 (4th Cir. 2013) (dismissing appeal of defendant challenging sentencing enhancement in light of Simmons because defendant waived his right to appeal his sentence in his plea agreement); United States v. Snead, No. 11-5100, 2012 WL 541755 (4th Cir. Nov. 7, 2012) (unpublished) (same).

Here, Petitioner does not allege in his motion that his plea was either unknowing or involuntary, and the Rule 11 colloquy establishes that he pled guilty understanding the charge to which he was pleading guilty as well as the consequences of his plea, including his waiver of his right to challenge his sentence in a post-conviction proceeding. His petition does not present either a claim of ineffective assistance of counsel or prosecutorial misconduct, or a claim challenging his sentence based on the limited grounds allowed in the waiver. Accordingly, none of the exceptions to

Petitioner's waiver applies, and his motion to vacate would be subject to dismissal even if it were not time-barred. Additionally, Petitioner's alternative grounds for relief are subject to dismissal for the same reason.

## CONCLUSION

For the foregoing reasons, the Court dismisses Petitioner's § 2255 petition as untimely.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS THEREFORE ORDERED THAT**:

1. Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct

Sentence, [Doc. 1], is **DISMISSED** with prejudice as untimely. Furthermore, Petitioner is not entitled to relief under his alternative claims for relief.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

Signed: June 15, 2013

Martin Reidinger
United States District Judge