IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:12-cv-00183-MR
(CRIMINAL CASE NO. 1:04-cr-00064-MR-2)

| | |
|---|---|
| RODNEY DARNELL JIMMERSON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's "Motion for Reconsideration, Motion for Relief from Order and Incorporated Memorandum of Law" [Doc. 4] and the Government's "Response to Petitioner's Motion to Vacate and Motion to Dismiss as Untimely" [Doc. 10]. For the reasons that follow, the Court will deny the Petitioner's Motion for Reconsideration.

**I.    PROCEDURAL HISTORY**

Petitioner Rodney Darnell Jimmerson was indicted by the Grand Jury for the Western District of North Carolina on June 7, 2004, and charged with one count of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841 and 846; two counts of possession with intent

to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1); and one count of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). [Criminal Case No. 1:04-cr-00064-MR-2 ("CR"), Doc. 1: Indictment]. Three months later, Petitioner entered into a plea agreement with the Government and pleaded guilty to one of the substantive drug-trafficking offenses, in exchange for dismissal of the other three counts. [CR Doc. 32 at 1: Plea Agreement]. In the plea agreement, the parties jointly recommended that the Court find that at least five but less than fifty grams of crack cocaine was reasonably foreseeable to Petitioner. [Id. at 2]. Also in the parties' agreement, Petitioner agreed to waive his right to seek collateral review of his sentence under 28 U.S.C. § 2255 "and similar authorities," except on the bases of prosecutorial misconduct, ineffective assistance of counsel, or a sentencing decision inconsistent with the parties' explicit stipulations or an issue certified by the district court to require review. [Id. at 5].

Prior to Petitioner's sentencing hearing, the probation office prepared a Presentence Report ("PSR"), in which the probation officer calculated a total offense level of 34, in part based on Petitioner's classification as a career offender under Sentencing Guidelines § 4B1.1. [See CR Doc. 71:

Supp. PSR]. This offense level, combined with a criminal history category of VI, resulted in an advisory Sentencing Guidelines range of imprisonment of between 262 and 327 months in prison. [Id.]. On February 10, 2005, this Court, the Honorable Lacy H. Thornburg presiding, sentenced Petitioner to 262 months' imprisonment. [CR Doc. 44: Judgment].

Petitioner appealed, but on November 14, 2005, the Fourth Circuit Court of Appeals dismissed his appeal, issuing its mandate on the same day. [CR Doc. 49: Judgment and Mandate]. More than six and a half years later, on July 24, 2012, Petitioner through counsel filed a motion to vacate his sentence under 28 U.S.C. § 2255, or, alternatively, seeking relief under 28 U.S.C. § 2241 or for a writ of error *coram nobis*. In his motion, Petitioner argues that pursuant to the Fourth Circuit's *en banc* decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), his sentence was improperly enhanced based on his career-offender status. [Doc. 1].

On June 13, 2013, this Court entered an Order dismissing Petitioner's motion to vacate as untimely and denying his alternative grounds for relief. [Doc. 3]. Petitioner did not seek a certificate of appealability from the Fourth Circuit Court of Appeals. Instead, on July 31, 2014, Petitioner, again through counsel, filed the present motion seeking reconsideration of the Court's

3

Order based on recent decisions from the Fourth Circuit applying <u>Simmons</u>. [Doc. 4]. The Court ordered the Government to respond to Petitioner's motion but on the Government's motion ordered that this case be held in abeyance pending the rehearing *en banc* in <u>Whiteside v. United States</u>, No. 13-7152, by the Fourth Circuit Court of Appeals. [Doc. 7]. On April 17, 2015, following the *en banc* decision in <u>Whiteside</u>, the Government filed a motion to dismiss the Petitioner's motion for reconsideration. [Doc. 10].

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) authorizes a district court to grant relief from a final judgment for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The "catch-all" provision set forth in Rule 60(b)(6) "may be invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)." Aikens v. Ingram, 652 F.3d 496, 500 (4th Cir. 2011) (*en banc*).

In addition to showing one of the enumerated reasons in Rule 60(b), a moving party also must demonstrate "that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside." Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987)).

## III. DISCUSSION

As grounds for his motion for reconsideration, Petitioner cites two recent decisions of the Fourth Circuit: Miller v. United States, 735 F.3d 141, 147 (4th Cir. 2013), in which the Court held that Simmons applies retroactively to cases on collateral review, and Whiteside v. United States, 748 F.3d 541, 548 (4th Cir. 2014), in which the Court determined that a

defendant who had filed his § 2255 petition within one year of the Simmons decision was entitled to the benefit of equitable tolling.

Neither decision is of any benefit to Petitioner in the present case. While Miller held that Simmons could be applied retroactively to cases on collateral review, Petitioner's claim is nevertheless still barred by the applicable statute of limitations. See 28 U.S.C. §2255(f). Further, the Whiteside decision relied upon by Petitioner was vacated in a rehearing *en banc*. See Whiteside v. United States, 775 F.3d 180 (4th Cir. 2014). In the *en banc* Whiteside decision, the Fourth Circuit rejected an identical argument for equitable tolling. See id. at 185 ("Although Simmons plainly made a collateral attack on [the petitioner's] sentence more plausible, nothing prevent [the petitioner] from filing his petition within the one-year statute of limitations."). For these reasons, Petitioner's motion for reconsideration of the dismissal of his motion to vacate is denied.[1]

---

[1] In any event, Petitioner's § 2255 claim would have been subject to dismissal on its merits. While Petitioner's career offender designation may have affected the ultimate sentence imposed, it did not ultimately affect the lawfulness of the Petitioner's sentence. See United States v. Foote, 784 F.3d 931, 940 (4th Cir. 2015) (holding that petitioner's erroneous career offender designation was "not a fundamental defect" resulting in "a complete miscarriage of justice").

Petitioner also seeks reconsideration of the denial of his request for alternative relief under § 2241. This argument, too, is without merit. While the savings clause of § 2255 permits relief under § 2241 where § 2255 is inadequate or ineffective to test the legality of a petitioner's detention, it is not available to remedy the miscalculation of an advisory guideline range. See Gilbert v. United States, 640 F.3d 1293, 1323-24 (11th Cir. 2011). Further, the fact that a petitioner's initial § 2255 motion is dismissed as untimely does not render that remedy ineffective. See In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). Thus, Petitioner is not entitled to alternative relief under § 2241.

Finally, Petitioner seeks reconsideration of his request for relief through a writ of error *coram nobis*. As the Court previously stated, however, *coram nobis* relief is only available when all other avenues of relief are inadequate and where the defendant is no longer in custody. Wilson v. Flaherty, 689 F.3d 332, 339 (4th Cir. 2012); United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012); see also Carlisle v. United States, 517 U.S. 416, 429 (1996) (noting that "'it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary

or appropriate'") (quoting United States v. Smith, 331 U.S. 475 n.4 (1947)). Here, Petitioner is in custody, rendering *coram nobis* relief unavailable.

For all of the reasons stated herein, Petitioner's motion for reconsideration is denied.  The Court further finds that the Petitioner has not made a substantial showing of a denial of a constitutional right.  See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)).  Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that her Motion to Vacate states a debatable claim of the denial of a constitutional right.  Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).  As a result, the Court declines to issue a certificate of appealability.  See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Dismiss [Doc. 10] is **GRANTED**, and Petitioner's Motion for Reconsideration [Doc. 4] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

*[Signature]*
Martin Reidinger
United States District Judge